**REVISED November 20, 2014**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2014

Lyle W. Cayce
Clerk

WORLD WRESTLING ENTERTAINMENT, INCORPORATED,

Plaintiff - Appellant

v.

UNIDENTIFIED PARTIES,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:

World Wrestling Entertainment, Inc. ("WWE"), seeks *ex parte* seizure and temporary restraining orders against unnamed Defendants under the *ex parte* seizure provision of the Trademark Counterfeiting Act (the "Act").[1] The district court denied relief and certified its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We allowed appeal and now VACATE the order of the district court and REMAND for further proceedings consistent with this opinion.

---

[1] 15 U.S.C. § 1116.

No. 14-30489

## I.

WWE presented evidence establishing that it owns many valuable trademarks and earns significant revenues from the sale of merchandise bearing those marks at live WWE events across the country. The evidence further established that WWE can readily identify the unauthorized designs of counterfeit merchandise and that WWE makes its own merchandise sales directly—it does not license third parties to sell merchandise at live events. WWE alleges that Defendants work as "fly-by-night" counterfeiters, setting up shop near WWE events and cannibalizing WWE's merchandise sales by purveying unauthorized products. As the district court acknowledged, WWE faces a real threat from such counterfeiters who, upon detection and notice of suit, disappear without a trace and hide or destroy evidence, only to reappear later at the next WWE event down the road. This is the very nature of the "fly-by-night" bootlegging industry.

WWE brought suit in the district court seeking *ex parte* seizure and temporary restraining orders under the *ex parte* seizure provision of the Act.[2] The district court denied relief, concluding that WWE had not proved "specific facts" about the identities of "person[s] against whom seizure would be ordered."[3]  Without knowing the identities of persons against whom seizure

---

[2] *Id.* at § 1116(d).

[3] Section 1116(d)(4) provides:

The court shall not grant [a seizure application] unless . . . the court finds that it clearly appears from specific facts that—

> (i) an order other than an ex parte seizure order is not adequate to achieve the purposes of section 1114 of this title;
>
> (ii) the applicant has not publicized the requested seizure;
>
> (iii) the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;
>
> (iv) an immediate and irreparable injury will occur if such seizure is not ordered;
>
> (v) the matter to be seized will be located at the place identified in the

2

would be ordered, the district court thought it was unable to evaluate WWE's likelihood of success in showing such persons had used a counterfeit mark, whether the harm to WWE outweighed the harm to such persons, or whether such persons would destroy or make inaccessible the infringing goods upon notice. The district court applied similar reasoning in denying WWE's request for a temporary restraining order.

## II.

The district court's granular focus on the "identity" of unnamed Defendants misinterpreted the statutory requirement and its application here. The district court is correct that *ex parte* seizure orders should not be granted at will, and it commendably gave the requirements careful attention. It is the case that the Act constrains the issuance of such orders with certain procedural protections for the persons against whom they are issued. The district court concluded that it could not, *ex ante*, identify the persons against whom orders would issue as required by section 1116(d), an appropriate concern but one not present on the specific facts here.

The district court's concern overlooks a predicate established in this case: WWE does not license third parties to sell merchandise at live events. Rather, it makes its own merchandise sales directly. The resulting confined universe of authorized sellers of WWE merchandise necessarily "identifies" any non-WWE seller as a counterfeiter. WWE cannot know in advance the specific identities of counterfeiters who will present themselves at any given event, but

application;

(vi) the harm to the applicant of denying the application outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and

(vii) the person against whom seizure would be ordered, or persons acting in concert with such person, would destroy . . . or otherwise make such matter inaccessible to the court, if the applicant were to proceed on notice to such person.

3

No. 14-30489

it does know that any non-affiliated seller at or near an event is almost certainly a counterfeiter.[4] In this case, therefore, the "person[s] against whom seizure would be ordered" are readily identifiable as any non-affiliated person purporting to sell WWE merchandise at or near a live WWE event. Provided that observation of unauthorized sales themselves is sufficient to identify a counterfeiter, as in this case, we see no reason why the district court cannot evaluate the requirements for *ex parte* seizure and temporary restraining orders to issue. We conclude from the record that WWE has met its burden under section 1116(d), and that the orders sought here should issue.

### III.

As a final matter, the district court understandably expressed concern about a provision of the proposed order purporting to deputize private citizens—namely, WWE's "Enforcement Officials"—to undertake work more properly the province of law enforcement officers, but it did not reach the issue. On its face, the Act does not appear to authorize private citizens to carry out *ex parte* seizure orders.[5] Indeed, the Act's sponsors appear to suggest that a court granting such an order might "permit a representative of the applicant, such as its counsel, to accompany the U.S. Marshal [or other law enforcement officer] to assist" in determining what materials should be seized.[6] We do not

---

[4] One may ask about a person who legally purchased merchandise bearing a valid trademark and subsequently ventured into the area surrounding a WWE event to resell that merchandise. The *ex parte* seizure order sought here would not authorize seizure of such merchandise, presenting a risk that the party enforcing the order might mistakenly identify the reseller as a counterfeiter. But, as presented, WWE can readily identify the unauthorized designs of counterfeit merchandise, and the Act's wrongful seizure provisions would entitle the harmed reseller to a cause of action for any damages. *See* 15 U.S.C. § 1116(d)(11).

[5] *See id.* at § 1116(d)(9) ("The court shall order that service of a copy of the order . . . shall be made by a Federal law enforcement officer . . . [or] a State or local law enforcement officer.").

[6] Joint Congressional Statement on Trademark Counterfeiting Legislation, 130 Cong. Rec. H12076, H12082 (1984), *reprinted in* 7 McCarthy on Trademarks, App'x A8 (4th ed. 1994).

4

address the validity of this provision of the proposed order, leaving it to the district court to address in the first instance. The district court is free to modify the proposed order or to draft its own order as it sees fit, consistent with the *ex parte* seizure provision of the Act and with this opinion.

Accordingly, the order of the district court is VACATED, and this case REMANDED for further proceedings consistent with this opinion.